Dear Mr. McConnell:
This office is in receipt of your opinion request wherein you ask whether an elected school board member may hold a position of county agent appointed by Louisiana State University.
In answering this opinion we are assuming that the position is full time and results in the elected official being an employee of Louisiana State University.
The provisions of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et. seq., governs our response. In particular we call your attention first to a prohibition that appears to be applicable here. The statute is LSA-R.S. 42:63(D) which provides in relevant part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . . (Emphasis added).
Under Louisiana law, LSA-R.S. 42:62 (9) "school boards" are considered political subdivisions. Members of school boards are elected officials. Therefore these elected officials are prohibited from holding full time appointed positions or full time employment positions in the government of this state.
The government of this state includes all branches of government — executive, legislative and judicial. We refer to the statutes to determine what parts of government are included in the executive branch. In the definitional section LSA-R.S. 42:62
(6) we note the inclusive description of the executive branch:
(6) The executive branch of government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely . . . the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College . . . (Emphasis added)
An elected person appointed as a county agent would be in a full time appointive office or employment under the supervision of the LSU Board. He would be holding a full time appointive office or employment in the government of this state while at the same time serving as an elected public official in a political subdivision of this state.
Therefore it is the opinion of this office that a person could not, without violating the Dual Officeholding provisions previously cited, hold an elective office as a school board member in a political subdivision and simultaneously be an employee of Louisiana State University which is governed by the LSU Board of Supervisors.
Very Truly Yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ JENIFER SCHAYE ASSISTANT ATTORNEY GENERAL